UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JORGE GARCIA ORTIZ, | |
| Petitioner, | |
| v. | CAUSE NO. 3:25-CV-1009 DRL-SJF |
| DONALD J. TRUMP, KRISTI NOEM, PAMELA BONDI, TODD M. LYONS, BRIAN ENGLISH, | |
| Respondents. | |

ORDER

Through counsel, an immigration detainee, Jorge Garcia Ortiz, filed a 28 U.S.C. § 2241 petition alleging he is unlawfully confined in violation of the laws or Constitution of the United States. Mr. Garcia Ortiz alleges he is a native of Mexico who entered the United States in 2000 and has been living in the United States for the past 25 years. According to his petition, before his detention, he lived in Rockford, Illinois, where he owns a roofing business that supports his family, including his partner and three-year-old child who is a United States citizen. He also says he pays child support for four children from a previous relationship who are United States citizens.

Mr. Garcia Ortiz alleges that on November 5, 2025, he was arrested by United States Immigration and Customs Enforcement (ICE) officers without cause. He was served a notice to appear, charging him with being removable for being an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General, *see* 8 U.S.C.

§ 1182(a)(6)(A)(i), and for being an immigrant who, at the time of application for admission, is not in possession of the proper documents, *see* 8 U.S.C. § 1182(a)(7)(A)(i)(I). He plans to seek cancellation of removal in his immigration proceedings.

Mr. Garcia Ortiz argues his continued detention without a bond hearing is unlawful because he does not fall under any of the mandatory detention provisions in the Immigration and Nationality Act (INA). He argues he does not fall under 8 U.S.C. § 1225(b)(2), as the government contends, because he was apprehended in the interior of the United States, and not at the border. He admits he has a 2009 conviction for burglary, but he argues that crime is not one that requires mandatory detention under 8 U.S.C. § 1226(c). Therefore, he continues, he has been unlawfully denied the bond hearing 8 U.S.C. § 1226(a) affords him, and his current detention is unlawful.

At the start, the court would seem to have subject matter jurisdiction under 28 U.S.C. § 2241 to review the legality of petitioner's detention, though that jurisdiction does not extend to reviewing orders of removal issued by an immigration court or discretionary decisions of the Attorney General. *See Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Subject to argument from the parties on jurisdiction, review seems to be limited to the issue whether Mr. Garcia Ortiz's current detention without a bond hearing is unlawful.

Mr. Garcia Ortiz asks the court to order a response within three days, as specified in 28 U.S.C. § 2243. Section 2243 is not controlling, as it has been superseded by the Rules Governing 2254 Cases, which also applies to habeas corpus petitions under § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Couts;

*Bleitner v. Welborn,* 15 F.3d 652, 653–54 (7th Cir.1994) (discussing how Rule 4's grant of discretion to district judges to set deadlines supersedes the deadlines in § 2243). Under the circumstances here, three days is unwarranted, but a short deadline is appropriate.

To note, the court is not deciding this case on a blank slate. *De Jesús Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), held that the court has subject matter jurisdiction to review the question of whether § 1225(b)(2) applied to a petitioner, and that, for reasons given there, § 1225(b)(2) did not apply. And the court found that, without another position articulated by the custodian (or the government), the detained noncitizen needed to be released when the government had not followed procedures under § 1226(a) either (and absent the government's election to secure a warrant). Accordingly, the respondent should specifically address why this case differs from *De Jesús Aguilar*, why the court should examine subject matter jurisdiction differently, and whether there is cause to address the outcome differently, to the extent the respondent opposes the petition. The parties, both petitioner and respondent, should also be mindful of discussing any notice needed in the event of an ordered release.

For the petitioner's part, Mr. Garcia Ortiz includes several respondents who are not his "immediate custodian" and who do not exercise "day-to-day control" over Miami Correctional Facility, where he is being held. *Kholyavskiy v. Achim*, 443 F.3d 946, 953 (7th Cir. 2006). Relying on *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), the court of appeals there concluded the proper respondent in an immigration habeas case challenging the constitutionality of a petitioner's confinement is the warden of the facility where the petitioner is being held, not a supervisory official who has the authority to free the

3

petitioner. Therefore, Mr. Garcia Ortiz will be ordered to show cause why the President of the United States Donald J. Trump; United States Secretary of Homeland Security Kristi Noem; United States Attorney General Pamela Bondi; and Acting Director of the United States Immigration and Customs Enforcement Todd M. Lyons should not be immediately dismissed from this proceeding. Though the court will ensure notice to these parties, the court anticipates that, given normal protocols, the United States Attorney for the Northern District of Indiana will respond on behalf of the federal government and the custodial warden.

For these reasons, the court:

(1) DIRECTS the clerk to serve a copy of this order and the petition (ECF 1) by certified mail, return receipt requested, to (a) the Civil-Process Clerk for the United States Attorney for the Northern District of Indiana; (b) the Attorney General of the United States; (c) the acting Director of the United States Immigration and Customs Enforcement at the Office of the Principal Legal Advisor; (d) the Secretary of the U.S. Department of Homeland Security, at the Office of General Counsel, and (e) the Warden of Miami Correctional Facility at the Indiana Department of Correction;

(2) DIRECTS the clerk to email a copy of this order and the petition (ECF 1) to (a) the Indiana Department of Correction; (b) the Warden of Miami Correctional Facility at Miami Correctional Facility, and (c) the United States Attorney for the Northern District of Indiana;

(3) ORDERS the respondents listed in the previous order line to acknowledge receipt of the petition to the clerk and DIRECTS the clerk to make a notation on the docket upon receiving confirmation of receipt of those deliveries; and

(4) ORDERS such respondents to file a response (a return) to the petition by **December 19, 2025**, with any traverse due on or before **December 26, 2025**, with the petitioner to SHOW CAUSE by that date why the respondents beyond the custodial warden should not be immediately dismissed from this proceeding as improper parties.

SO ORDERED.

December 12, 2025  *s/ Damon R. Leichty*
Judge, United States District Court