UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JORGE GARCIA ORTIZ,

    Petitioner,

    v.

DONALD J. TRUMP, KRISTI NOEM,
PAMELA BONDI, TODD M. LYONS,
and BRIAN ENGLISH,

    Respondents.

CAUSE NO. 3:25-CV-1009 DRL-SJF

OPINION AND ORDER

Immigration detainee Jorge Garcia Ortiz, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, arguing he was being unlawfully detained in United States Immigration and Customs Enforcement (ICE) custody under the mandatory detention provision in 8 U.S.C. § 1225(b)(2). In an order to show cause, the court directed the respondents to answer the petition in light of *De Jesús Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), which joined the overwhelming majority of other district courts in concluding that § 1225(b)(2) does not apply to noncitizens who are not "seeking admission" within the statute's meaning. The respondent—really just his current custodian by law because the others are named unnecessarily—was instructed to "specifically address why this case differs from *De Jesús Aguilar*, why the court should examine subject matter jurisdiction differently, and whether there is cause to address the outcome differently, to the extent the respondent opposes the petition."

The government (responding for the custodial warden) repeats its arguments from *De Jesús Aguilar* but offers no other basis for Mr. Garcia Ortiz's detention than § 1225(b)(2). This position was rejected in *De Jesús Aguliar* and in subsequent decisions from this court. *See Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.); *see also Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *see generally Castanon-Nava v. U.S. Dep't of Homeland Sec.*, __ F.4th __, No. 25-3050, 2025 WL 3552514, 8-10 (7th Cir. Dec. 11, 2025) (concluding on application for a stay pending appeal that government was not likely to succeed on the merits of their argument that mandatory detention provision § 1225(b)(2)(A) applies to plaintiffs, who were noncitizens who had not been admitted and who were arrested by ICE without a warrant in the interior of the United States). All parties must play by the rules. The same wisdom that requires immigrants and noncitizens to follow the law equally requires the government to follow the law. That wasn't done here, so Mr. Garcia Ortiz is entitled to release as his process unfolds or until the government pursues other options available to it.

Mr. Garcia Ortiz was ordered to show cause why every respondent but the Miami Correctional Facility Warden, who is the only respondent who exercises "day-to-day control" over Mr. Garcia Ortiz, should not be dismissed under *Kholyavskiy v. Achim*, 443 F.3d 946 (7th Cir. 2006). Relying on *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), the court of appeals there concluded the proper respondent in an immigration habeas case challenging the constitutionality of a petitioner's confinement is the warden of the facility where the petitioner is being held, not a supervisory official who has the authority to free the petitioner. *See also Doe v. Garland*, 109 F.4th 1188, 1192 (9th Cir. 2024) (concluding that for

2

core habeas petition challenging present physical confinement filed by immigration detainee, proper respondent was immediate custodian over facility, not Field Director of Immigration and Customs Enforcement); *Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 444 (3rd Cir. 2021) (applying immediate custodian rule from *Padilla* to habeas petition challenging immigration detention). Mr. Garcia Ortiz did not address this issue in his reply brief, so the court concludes that dismissal of the non-custodial defendants is appropriate.

For these reasons, the court:

(1) DISMISSES the President of the United States Donald J. Trump; United States Secretary of Homeland Security Kristi Noem; United States Attorney General Pamela Bondi; and Acting Director of the United States Immigration and Customs Enforcement Todd M. Lyons;

(2) GRANTS IN PART the petition for a writ of habeas corpus and ORDERS respondent to release Jorge Garcia Ortiz immediately from custody and to certify compliance with this order by filing a notice with the court by **December 31, 2025**;

(3) DIRECTS the clerk to email forthwith today a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure Jorge Garcia Ortiz's release; and

(4) ORDERS that any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED.

December 30, 2025                              *s/ Damon R. Leichty*
                                                                Judge, United States District Court